T.C. Memo. 2014-137

UNITED STATES TAX COURT

CHARLES LACY-THOMPSON AND LAURA LACY-THOMPSON,
Petitioners <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14210-12L.                    Filed July 14, 2014.

<u>Stuart Siegfried Stengel</u>, for petitioners.

<u>Theresa G. McQueeney</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  This case arises from a petition filed in response to a notice of determination concerning collection action(s) under section 6320 and/or 6330[1] dated May 9, 2012, with respect to petitioners' taxable year 2007.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Court's Rules of Practice and Procedure.

**[*2]**   The issues for decision are:

(1) Are petitioners entitled under section 6330(c)(2)(B) to dispute the underlying liability of $13,289 for their taxable year 2007, which is the portion of the $17,719 accuracy-related penalty under section 6662(a) that respondent assessed and did not abate?  We hold that they are not.

(2) Did respondent abuse respondent's discretion in determining to proceed to collect the underlying liability of $13,289 for petitioners' taxable year 2007, which is the portion of the $17,719 accuracy-related penalty under section 6662(a) that respondent assessed and did not abate?  We hold that respondent did not.

(3) Did respondent abuse respondent's discretion in determining not to abate under section 6404(e) interest on the underlying liability of $13,289 for petitioners' taxable year 2007, which is the portion of the $17,719 accuracy-related penalty under section 6662(a) that respondent assessed and did not abate? We hold that respondent did not.

FINDINGS OF FACT

All of the facts in this case, which the parties submitted under Rule 122, have been stipulated by the parties and are so found.

Petitioners resided in New York at the time they filed the petition.

**[*3]** Petitioners timely filed a Federal income tax (tax) return (return) for their 2007 taxable year. On May 12, 2008, respondent assessed the tax shown in that return.

Around February 2009, petitioners filed an amended return (2007 amended return) for their taxable year 2007. In their 2007 amended return, petitioners showed additional tax of $97,909 (2007 additional tax). On October 26, 2009, respondent assessed (1) the 2007 additional tax of $97,909 and (2) an accuracy-related penalty under section 6662(a) on that additional tax of $17,719. Petitioners made payments of $24,560.97 and $64,097 toward the 2007 additional tax in March and April 2009, respectively.[2]

The 2007 additional tax was due to petitioners' failure to report certain income totaling $338,816, of which $300,000 was attributable to an adjustment that respondent made to Form 1120S, U.S. Income Tax Return for an S Corporation, that Coletronic Computer, Inc. (Coletronic), an S corporation, filed for taxable year 2007. Petitioner Charles Lacy-Thompson (Mr. Lacy-Thompson),

---

[2]The 2007 additional tax, which petitioners paid in full, is not at issue here.

**[*4]** who owned Coletronic during petitioners' taxable year 2007,[3] did not dispute that adjustment.

Respondent did not assess for petitioners' taxable year 2007 additions to tax under sections 6651(a)(1) and (2) and 6654(a) for late filing, late payment, and failure to pay estimated tax, respectively. Nor did respondent assess or accrue interest as provided by law on any such additions to tax.

On October 26 and November 30, 2009, respondent sent petitioners notices of balance due for their taxable year 2007.

Around September 2, 2010, over a year and a half before the hearing under section 6330(b) (discussed below) that is involved in the instant case took place, petitioners participated, through their authorized representative (petitioners' representative), in a hearing with a representative of respondent's Appeals Office in Manhattan (Manhattan Appeals Office). As a result of that hearing, on September 2 and 22, 2010, respectively, petitioners, through petitioners' representative, and a representative of that Appeals Office executed Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment (2007 Form 870-AD), with respect to petitioners' taxable

---

[3]Mr. Lacy-Thompson also owned Coletronic during petitioners' taxable years 2003 through 2006.

**[*5]** year 2007. In the 2007 Form 870-AD, petitioners and respondent agreed that

there was a $4,430 overassessment of the $17,719 accuracy-related penalty under

section 6662(a) on the 2007 additional tax that respondent had assessed on

October 26, 2009. By so agreeing, petitioners and respondent in effect agreed to a

partial abatement by respondent of $4,430, or 25 percent, of that $17,719

accuracy-related penalty.[4]

Pursuant to the 2007 Form 870-AD, on November 1, 2010, respondent

abated $4,430 of the $17,719 accuracy-related penalty under section 6662(a) that

respondent had assessed on the 2007 additional tax. As a result, there is a balance

---

[4]The Appeals officer who held a hearing with petitioners' representative around September 2, 2010, with respect to the accuracy-related penalty under sec. 6662(a) on the 2007 additional tax that respondent had assessed on October 26, 2009, prepared an "Appeals Transmittal and Case Memo" dated October 4, 2010 (Appeals Office memo). That Appeals Office memo stated in pertinent part:

> The issue for Appeals consideration is whether the claim for abatement of the accuracy-related penalty assessed by the Brookhaven IRS Center should be allowed. The penalty resulted from unreported income items totaling $338,816, the largest portion of which, $300,000, pertains to an 1120S business for which the amount was erroneously shown on Form 1120S as a deduction. An amended 1120S was later filed to correct the error. It was noted that similar corrections were made for several prior years and that fact, in addition to the other 2007 unreported income pertaining to wages and interest, does not provide a basis for a full abatement. However, in view of the correction made and to foster future compliance, a 25% abatement of the penalty is recommended.

**[\*6]** due for petitioners' taxable year 2007 of $13,289 of that accuracy-related penalty, which petitioners have not paid.

On December 13, 2010, respondent issued to petitioners a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to an "Assessed Balance" of $19,691.76, "Accrued Interest" of $158.15, and "Late Payment Penalty" of zero.[5]

On January 3, 2011, petitioners executed Form 12153, Request for a Collection Due Process or Equivalent Hearing (petitioners' Form 12153), which respondent received on January 5, 2011. In petitioners' Form 12153, petitioners did not request abatement of the 2007 balance of the accuracy-related penalty, which remains unpaid. Instead, in that form, they requested that respondent abate (1) additions to tax under sections 6651(a)(1) and (2) and 6654(a) that, as we found above, respondent had not assessed for their taxable year 2007 and

---

[5]Although the notice of intent to levy did not specifically identify the "Assessed Balance" for petitioners' taxable year 2007 as the unpaid portion (i.e., $13,289) of the accuracy-related penalty for that year and interest thereon as provided by law, we infer from the respective amounts of the "Assessed Balance" and "Accrued Interest" shown in the notice of intent to levy and the fact that petitioners did not contest but paid the 2007 additional tax that the notice of intent to levy pertained to the 2007 balance of the accuracy-related penalty and interest thereon as provided by law.

**[\*7]** (2) interest as provided by law on those additions to tax, which respondent had not assessed or accrued.

On August 19, 2011, a settlement officer (Brookhaven settlement officer) with respondent's Appeals Office in Brookhaven, New York, sent to petitioners and petitioners' representative a letter (August 19, 2011 letter) with respect to petitioners' Form 12153 that the Appeals Office had received. On October 3, 2011, the Brookhaven settlement officer sent to petitioners and petitioners' representative two letters, one of which was virtually identical to the August 19, 2011 letter. The other letter that the settlement officer sent to petitioners and petitioners' representative on October 3, 2011, stated in pertinent part:

> We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency.

> \*          \*          \*          \*          \*          \*          \*

> You are not able to dispute the liability because our records show that you raised this issue previously with the Service. \* \* \*

On October 11, 2011, petitioners' representative requested a face-to-face hearing at the Manhattan Appeals Office. As a result, the matter to which petitioners' Form 12153 pertained was transferred to that office.

[*8] On October 26, 2011, a settlement officer (Manhattan settlement officer) with the Manhattan Appeals Office sent to petitioners a letter, and sent a copy of that letter to petitioners' representative, in which he indicated that that office had received petitioners' Form 12153.

On February 7, 2012, the Manhattan settlement officer sent to petitioners a letter (February 7, 2012 letter), and sent a copy of that letter to Bruce Parker.[6]  In the February 7, 2012 letter, that settlement officer informed petitioners, inter alia: "We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency."

The Manhattan settlement officer asked petitioners in the February 7, 2012 letter to provide to her within 14 days copies of the examination documents (2007 examination documents) that they received from respondent's examining agent pertaining to their taxable year 2007 and a copy of the "**signed waiver form 870**" (i.e., the 2007 Form 870-AD).  Petitioners failed to provide those documents to the Manhattan settlement officer.  Because petitioners failed to provide the Manhattan settlement officer with copies of the 2007 examination documents and the 2007

_____

[6]Bruce Parker was another authorized representative of petitioners with respect to their taxable year 2007.

**[*9]** Form 870-AD, that settlement officer requested and received those documents from other representatives of respondent.

The Manhattan settlement officer also informed petitioners in the February 7, 2012 letter that she had scheduled a telephone hearing on March 29, 2012. At the request of petitioners' representative, that settlement officer held a face-to-face hearing (April 26, 2012 hearing) with that representative on April 26, 2012.

During the April 26, 2012 hearing with petitioners' representative, the Manhattan settlement officer discussed the case, reviewed the underlying documents, and told petitioners' representative that petitioners were precluded from raising and requesting abatement of the 2007 balance of the accuracy-related penalty. That was because, according to the Manhattan settlement officer, petitioners already had an opportunity to, and did, raise and request abatement of the entire accuracy-related penalty of $17,719 that respondent had assessed on the 2007 additional tax. The Manhattan settlement officer reminded petitioners' representative that petitioners and respondent had settled that matter when their respective representatives executed the 2007 Form 870-AD in which respondent in effect agreed to, and did, abate $4,430, or 25 percent, of the $17,719 accuracy-related penalty on the 2007 additional tax that respondent had assessed on October 26, 2009.

**[\*10]**  At the April 26, 2012 hearing, petitioners did not provide any documents to the Manhattan settlement officer.  They did not raise at that hearing any procedural questions, spousal defenses, or inquiries as to the appropriateness of the proposed levy with respect to the 2007 balance of the accuracy-related penalty.  Nor did they offer any alternatives to collection.

On May 9, 2012, the Manhattan Appeals Office issued to petitioners a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).  That notice stated in pertinent part:

> **Summary of Determination**
>
> The Notice of Intent to Levy was correct at the time of issuance.  On September 2, 2010 you signed a Form 870-AD consenting to the Appeals Officer's recommendation to reduce the accuracy-related penalty assessed for the income tax year ending December 31, 2007.  The Power of Attorney is therefore precluded from requesting the abatement of this penalty in Appeals because there was a prior opportunity to do so, which resulted in a mutual concession settlement.

An attachment to the notice of determination stated in pertinent part:

> **SUMMARY AND RECOMMENDATION**
>
> The Notice of Intent to Levy was correct at the time of issuance.  On September 2, 2010 you signed a Form 870-AD consenting to the Appeals Officer's recommendation to reduce the accuracy-related penalty assessed for the income tax year ending December 31, 2007.  The Power of Attorney is therefore precluded from requesting the abatement of this penalty in Appeals because there was a prior opportunity to do so, which resulted in a mutual concession settlement.

**[*11]** <u>**BRIEF BACKGROUND**</u>

The Settlement Officer scheduled a telephonic Collection Due Process Hearing on March 29, 2012 at 11am. Upon the request of the Power of Attorney, Stuart S. Stengel, this Hearing was changed to a face to face Hearing scheduled at the Manhattan Office of Appeals on April 26, 2012 at 10:30am. In a substantive letter dated February 7, 2012, the Settlement Officer requested a copy of the 2007 1040 examination documents and a copy of the signed waiver form 870 AD. The requested documents were not provided to the Settlement Officer.

\*         \*         \*         \*         \*         \*         \*

<u>**Issues raised by the taxpayer**</u>

The taxpayers' Power of Attorney, Stuart S. Stengel, requested that all penalties and interest imposed for the late filing, late payment of tax, and underpayment of estimated tax for the tax year ended December 31, 2007 be abated. The Settlement Officer obtained the original income tax return and audit documents for the year ended December 31, 2007. On August 10, 2009 a request was made by you for a hearing at the Manhattan Office of Appeals regarding the imposed penalty. At the Hearing, the Settlement Officer informed you that you had a prior opportunity in Appeals to raise abatement of this penalty which resulted in an agreement to reduce the accuracy penalty by 25% in the amount of $4430.00. In the file was the Form 870 AD signed by you consenting to the partial abatement. There was no late filing penalty, late payment penalty or estimated tax penalty assessed for tax year ending December 31, 2007. You stated that you were under the impression that you were able to petition tax court for the abatement of the remaining 75% of the penalty. The Settlement Officer informed you that a Notice of Determination would be issued affording the right to petition tax court only with respect to Appeals' determination made that you are precluded from raising the penalty abatement in Appeals because you had a prior opportunity to do so.

**[*12]**  **Collection Alternatives Offered by Taxpayer**
You offered no alternatives to collection.

**Challenges to the Existence of [sic] Amount of Liability**
You are precluded from raising liability because you signed the Form 870 AD consenting to a partial abatement of the accuracy related penalty.  The 2007 income tax has been paid.  Only the penalty and interest remain due and owing.

We considered your request for the abatement of interest, but determined that you do not qualify, in accordance with Internal Revenue Manual Section 20.2.7.  We did not find any errors or delays on our part that merit the abatement of interest in our review of available records and other information.

**You raised no other issues.**

**Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.**

The action by Compliance to issue the Notice of Intent to Levy is not more intrusive than necessary, as the liability owed has not been paid or otherwise resolved.

In the petition that petitioners filed commencing this case, they, through petitioners' representative, did not allege that respondent erred in determining in the notice of determination not to abate the 2007 balance of the accuracy-related penalty and interest thereon as provided by law.  Instead, petitioners alleged in the petition that for their taxable year 2007 respondent should abate (1) additions to

**[*13]** tax under sections 6651(a)(1) and (2) and 6654(a) and (2) interest as

provided by law on those additions to tax.[7]

OPINION

We address first whether petitioners are entitled under section 6330(c)(2)(B)

to dispute the underlying liability that is unpaid for their taxable year 2007 that

consists of the 2007 balance (i.e., $13,289) of the 2007 accuracy-related penalty

(i.e., $17,719) that respondent assessed and did not abate.  Petitioners, through

petitioners' representative, did not allege in the petition that respondent erred in

determining in the notice of determination not to abate that balance of the

accuracy-related penalty.[8]  Accordingly, we hold that petitioners are deemed to

_____

[7]We have found that for petitioners' taxable year 2007 respondent did not assess any additions to tax under secs. 6651(a)(1) and (2) and 6654(a) or assess or accrue any interest thereon as provided by law.

[8]Instead, petitioners alleged in the petition that for their taxable year 2007 respondent should abate (1) additions to tax under secs. 6651(a)(1) and (2) and 6654(a) and (2) interest as provided by law on those additions to tax.  However, we have found on the basis of the parties' stipulation of facts that for petitioners' taxable year 2007 respondent did not assess any such additions to tax or assess or accrue any interest thereon as provided by law.
Similarly, in petitioners' Form 12153 that petitioners filed with respondent requesting a hearing under sec. 6330(b) with respect to the notice of intent to levy that they received, they did not request abatement of the 2007 balance of the accuracy-related penalty, which remains unpaid.  Instead, in that form, they requested that respondent abate (1) additions to tax under secs. 6651(a)(1) and (2) and 6654(a) that, as we found above, respondent had not assessed for their taxable

(continued...)

**[\*14]** have conceded any issue relating to the 2007 balance of the accuracy-related penalty. See Rule 331(b)(4).

Even if petitioners had alleged in the petition that respondent erred in determining in the notice of determination not to abate the 2007 balance of the accuracy-related penalty, we would nonetheless find on the record before us that petitioners are not entitled under section 6330(c)(2)(B) to dispute that 2007 balance.

A person may dispute the existence or the amount of the underlying tax liability for any tax period if the person did not receive a notice of deficiency for that tax liability or did not otherwise have the opportunity to dispute that tax liability. Sec. 6330(c)(2)(B). Petitioners not only had the opportunity to, they did, dispute the entire accuracy-related penalty when petitioners' representative had a hearing around September 2, 2010, with a representative of the Manhattan Appeals Office. As a result of that hearing, petitioners, through petitioners' representative, and a representative of that Appeals Office executed the 2007 Form 870-AD. In the 2007 Form 870-AD, petitioners and respondent agreed that there was a $4,430 overassessment of the $17,719 accuracy-related penalty under section

---

[8](...continued) year 2007 and (2) interest as provided by law on those additions to tax, which respondent had not assessed or accrued.

**[\*15]** 6662(a) on the 2007 additional tax that respondent had assessed on October 26, 2009. On these facts, we find that petitioners would not be entitled under section 6330(c)(2)(B) to dispute the 2007 balance of the accuracy-related penalty even if they had placed that balance at issue in the petition. See Lewis v. Commissioner, 128 T.C. 48 (2007).

Where, as is the case here, the validity of the underlying liability consisting of the 2007 balance of the accuracy-related penalty is not properly placed at issue, we will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). On the record before us, we find that respondent did not abuse respondent's discretion in determining in the notice of determination to proceed to collect that underlying liability.

We consider finally whether respondent abused respondent's discretion in determining in the notice of determination not to abate under section 6404(e) interest on the underlying liability consisting of the 2007 balance of the accuracy-related penalty. On the record before us, we find that petitioners have failed to establish any error or delay attributable to an officer or employee of respondent being erroneous or dilatory in performing (1) a ministerial act within the meaning of section 6404(e) or (2) a ministerial or managerial act within the meaning of that

**[\*16]** section, which requires an abatement of that interest. On that record, we find that respondent did not abuse respondent's discretion in determining in the notice of determination not to abate under section 6404(e) interest on the under-lying liability consisting of the 2007 balance of the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.